CHAMBER OF COMMERCE OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 102. Argued May 9, 1947.—Decided June 9, 1947.

*Luis Villaronga* for petitioner. *Luis Negrón Fernández, Attorney General,* and *Elmer Toro Lucchetti, Deputy Attorney General,* for intervener, respondent in the main proceeding.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The only question to be determined in this proceeding is whether or not the petitioning Chamber of Commerce of Puerto Rico is bound to pay taxes on a building which it owns, located in Tetuán Street of this city. According to the evidence submitted to the Tax Court of Puerto Rico, said build-

ing was acquired by the petitioner on June 23, 1939. The Treasurer insists that, since almost the entire lower story thereof has been leased to three distinct entities, and the latter pay rent for the use of their respective premises, the Chamber of Commerce of Puerto Rico can not claim the tax exemption referred to in § 291(e) of the Political Code of Puerto Rico.

The petitioner moved for a reconsideration of the tax assessment notified to it by the Treasurer of Puerto Rico, and. upon such reconsideration being denied, it resorted to the Tax Court. The latter dismissed the complaint and, in order to review that decision, the petitioner instituted the present proceeding.

 Section 291(e) of the Political Code, as amended by Act No. 12 of August 23, 1933 (First Spec. Sess. Laws, p. 72), in its pertinent part reads thus:

"Section 291.—The following property shall be exempted from taxation:

"(e) . . . every building, including the equipment and furniture therein, which is the absolute property of a non-pecuniary association and which is used or destined exclusively and wholly for labor organizations or as a place for recreation, culture, and social intercourse, and which permanently maintains a reading room where periodicals, magazines, pamphlets and illustrated papers in general, national as well as foreign, are provided; . . . *Provided,* That such grounds and buildings are not leased or otherwise used with a view to the pecuniary profit of either the lessor or lessee."

For the purpose of this opinion, we will grant that the Chamber of Commerce is an association not for pecuniary profit and that it owns a building which is *partially* used or destined for labor organizations or as a place for recreation, culture, and social intercourse, and that it permanently maintains there a reading room containing periodicals, magazines, pamphlets, and illustrated papers in general, national as well as foreign. In other words, for the purpose of this opinion we are assuming that the Chamber of Commerce strictly com-

plies with the terms of the above-quoted § 291(e) of the Political Code, except as to that part thereof which provides that the building must be used and destined exclusively and wholly for the purposes indicated therein.

Tax exemptions should always be strictly construed against the person or persons who claim to be entitled thereto. *National Hats Co.* v. *Sancho, Treas.*, 65 P.R.R. 226, 229, *Puerto Rico Ilustrado* v. *Buscaglia, Treas.*, 64 P.R.R. 870, 874, and cases therein cited.

It is clearly and specifically provided in § 291(e) that in order that a building belonging to a nonpecuniary association may enjoy said exemption, besides complying with the other requisites mentioned therein, it must be destined *exclusively* and *wholly* for the purposes determined by the statute. As it has been seen, the Section ends by providing that the exemption shall be enjoyed, *"Provided,* That such grounds and buildings are not leased or otherwise used with a view to the pecuniary profit of either the lessor or lessee."

In the case at bar, in view of the evidence introduced by the petitioner itself, which shows that the lower story of its building is rented to three different entities and that the latter pay rents amounting to $265 monthly, we are not convinced that said building is exclusively and wholly used for the purposes indicated in the statute nor that said building as rented does not yield a pecuniary profit either to the lessor or lessee.

The words *"exclusivamente"* and *"totalmente"* have been defined by the Dictionary of the Spanish Academy, 16th edition, 1939, as follows:

> *"Exclusivamente.* Adv. m. Excluding, only, solely. (P. 575.)
> *"Totalmente.* Adv. m. Entirely, wholly. (P. 1234.)"

In the English text of said Section the words *"exclusively and wholly"* are used as equivalent to *"exclusiva y totalmente."*

Without stopping to determine which of the two languages should prevail in this case,[1] we will state, however, the interpretation given to the two English terms in question by the courts of the continental United States.

In *People* v. *Lawler,* 77 N.Y.S. 840, 842, 74 App. Div. 553, 557, it is said:

". . . the adverb 'exclusively' is defined by lexicographers to mean 'with the exclusion of all others; without admission of others to participation.''

The word *"wholly"* is considered as a synonym of "exclusively," and defined as "to the exclusion of other things." *Commonwealth* v. *City of Richmond,* 81 S.E. 69, 73, 116 Va. 69.

See also *Memphis Chamber of Commerce* v. *City of Memphis,* (Tenn. 1921) 232 S.W. 73 and *B.P.O.E. Lodge No. 151* v. *City of Houston,* (Tex. 1931) 44 S.W. (2d) 488.

Not only are we of the opinion that the building of the Chamber of Commerce is not used and destined exclusively and wholly for the purposes mentioned in the statute but we also think that in renting the lower story of the building in the manner already stated the lessor is obtaining a pecuniary profit therefrom. The fact that the total proceeds of the rent are being used by the petitioner for the purpose of amortizing the debt which burdens the building does not alter the situation in any way. Since there has been a failure to strictly comply with the statute, it is clear that the Chamber of Commerce of Puerto Rico is not entitled to the tax exemption provided by the Section above referred to.

On the other hand, the petitioner insists that if it be decided that, due to the leasing of the lower story, it is not entitled to a total exemption, it should at least be granted exemption on the lot and on that part of the building occupied by it. Although it is true that this may be done when the statute authorizes it, and that in some States it

---

[1] See Act No. 8, approved November 12, 1917 (vol. II, p. 210).

has been done in the absence of an express prohibition, in Puerto Rico, however, we have § 290 of the Political Code which provides "That all property not *expressly* exempted from taxation shall be assessed and taxed." In view of this clear provision of law, it is not possible to grant petitioner's request.

In the present case the Chamber of Commerce resorted to the Tax Court without paying in whole or in part the tax assessed to it. Section 309 of the Political Code. Afterwards, upon its complaint being dismissed by the Tax Court, it paid the whole tax under protest and applied to us for a writ of certiorari pursuant to § 5 of Act No. 169 of May 15, 1943 (Laws of 1943, pp. 600, 608). In order to avoid erroneous interpretations, we feel bound to state that in the matter of property taxes the taxpayers who may wish to resort to this Court through certiorari proceedings need not pay under protest the amount of the tax determined by the Tax Court. We say this because in *Island Needlework* v. *Tax Court,* 65 P.R.R. 681, 683, we inadvertently stated: ". . . in order that the taxpayer might know the exact amount which, acording to the law, it must pay under protest before it could institute a proceeding for review in this Court." In making that statement we overlooked the fact that a property tax case was involved. Nevertheless, the statement above quoted is applicable to income tax cases. In such cases the whole amount of the deficiency determined by the Tax Court must be paid, and if it be sought to have us review the decision rendered by that tribunal, objection should be made to that part of the tax with which the taxpayer does not agree, and all the remaining requisites provided by the statute should be complied with. Section 76 of Act No. 74, approved August 6, 1925 (Sess. Laws, p. 400), as amended by Act No. 23, approved November 21, 1941 (Spec. Sess. Laws, pp. 72, 88).

The decision sought to be reviewed should be affirmed.